UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Randal Morgan,

    debtor                                                                          ch. 18-60797

RESPONSE

    Comes now debtor Randal Morgan who responds to the motion for relief from stay by asking that the Court deny the motion.

    This response is based upon the attached affidavit in which the debtor avers that he has, through his daughter's account, made the mortgage payments in question.

    Notice is given that if testimony on this matter is taken, that the debtor may offer the testimony of Randal Morgan, 23078 Topaz St., St. Augusta MN 56301 and/or Madalyn Morgan, 303 Park Meadows Drive, Waite Park MN 56387

  / s / Sam Calvert
Sam V. Calvert MN ID #1431X
attorney for debtor
1011 2nd ST N, STE 107
St. Cloud MN 56303
320-252-4473

## VERIFICATION

Randal Morgan hereby declares under penalty of perjury that he has read the foregoing and it is true and correct to the best of his knowledge, information and belief.

*[Signature]*
Randal Morgan            4-25-19

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Randal Morgan,

      debtor                                        ch. 18-60797

## DECLARATION

Randal Morgan hereby declares under penalty of perjury:

My wife and I do not have a checking account. We, therefore, give our house payment to my daughter, Madalyn Morgan.

Attached is a letter from Hiway Credit Union showing that three payments have been made. I am certain that these payments have gone to the mortgage company.

           /S/ Randall Morgan
_____
Randal Morgan

**HIWAY**
FEDERAL CREDIT UNION

111 Empire Drive
St. Paul, MN 55103
651.291.1515 | 800.899.5626
hiway.org

April 25, 2019

Notice for member(s): Madalyn A Morgan

Member #: 409090

To Whom This Concerns:

Madalyn Morgan requested this document pertaining to three-separate bill-pay (not pay-by-check) on her account. The three are the following:

February 5, 2019  $2,100.00  xxx5466    March 3, 2019 $2,100.00  xxx5466    April 7, 2019    $2,100.00  xxx5466

All are currently under investigation to discover who the payee was that received the funds.

Sincerely,

*Mary E. Koonce* (signature)
Mary E. Koonce
Senior Representative
Highway Federal C.U.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Randal Morgan,

     debtor              ch. 18-60797

MEMORANDUM

  Debtor submits this memorandum in response to the motion of US Bank for relief from the stay.

  The motion alleges that debtor is delinquent for three months of payments – January, February and March, 2019 in the amount of $2,187.19 each.

  The debtor avers that he and his wife have, in fact, made payments (albeit in the amount of $2,100.00 per month) for those three months. Because he has paid slightly less than the amount due, there is a $261.57 shortfall.

  Attached to the debtor's declaration is a statement from Hiway Credit Union showing three payments having been made. The debtor intended that these payments go to his mortgage company, and believes that they did so.

  The debtor is attempting to get documentation of the payee on the payments and will supplement his response when he gets it.

  Even assuming that the debtor is $261.57 short on payments, failure to make post-petition payments does not ipso facto establish cause for relief. In re Raymond, 99 B.R. 819, 822 (Bankr.S.D.Ohio 1989). Rather, in accordance with the legislative history, before modifying a stay, the court should first weigh the equities by conducting a fact-specific analysis of the circumstances surrounding the default. In re McCollum, 76 B.R. 797, 799 (Bankr.D.Or.1987) ("A postpetition default may, or may not, constitute 'cause' for relief from stay.").

"[I]n determining whether a secured creditor's interest is adequately protected, most courts engage in an analysis of the property's 'equity cushion'--the value of the property after deducting the claim of the creditor seeking relief from the automatic stay and all senior claims." In re Indian Palms Assoc., Ltd., 61 F.3d 197, 207

Movant has not attempted to claim that its collateral is declining in value. See e.g., In re Continental Airlines. Inc., 146 B.R. 536,539 (Bankr. D. Del.1986) ("Post-Timbers courts have uniformly required a movant seeking adequate protection to show a decline in value of its collateral."); In re Harvey Road Associates VIII, 140 B.R. 302, 307(Bankr. D.Mass. 1992) (same); In re Confederation Life Insurance Co. v. Beau Rivage Ltd.,126 B.R. 632,640 (N.D. Ga. 1991) (same).

There are numerous other cases which have held that mere failure to remain current on a mortgage or other secured obligation is not a reason to grant relief from the automatic stay if the creditor is adequately protected. Although there are too many to cite quotes from all of them, they will be listed in summary fashion here. Even though they may not all be exactly on point with the facts of this case, they all stand against the creditor's position in this case that failure to make payments by itself constitutes grounds for relief from stay. See Household Fin. Corp. v. Adams, 27 B.R. 582 (D. Del. 1983); In Re Matthews, 208 B.R. 506 (Bankr. N.D. Ill. 1997) (stay relief inappropriate after debtor missed two post-petition mortgage payments, especially given an $8,000.00 equity cushion); In Re Mannings, 47 B.R. 318 (Bankr. N.D. Ill. 1985); In Re Davis, 11 B.R. 680 (Bankr. E.D. Pa. 1981); see also In Re Can-Alta Properties, Ltd., 87 B.R. 89 (B.A.P. 9thCir. 1988) (when creditor is protected by equity, debtor must be given a reasonable opportunity to propose and implement a confirmable plan); In Re Raymond, 99 B.R. 819 (Bankr. S.D. Ohio 1989) (sporadic post-confirmation payments alone is not ground for relief from stay

when no evidence established amount of post-confirmation arrears or value of collateral); In Re Heath, 79 B.R. 616 (Bankr. E.D. Pa. 1987) (relief denied when creditor protected by equity cushion).

It would seem that the majority position opposes movant's claims regarding mere failure to make post-petition payments under the plan. The main use of 362(d)(1) "cause" should be to provide the bankruptcy court with a means to give a creditor relief from stay in a situation that is not already covered under 362(d)(1) or (2), and not to give a creditor a blank check for relief from stay anytime a debtor fails to make even one payment due post-petition under the terms of a confirmed plan. If that were what Congress intended to occur in that situation, then why would Congress have even bothered to put 362(d)(2) in the Code at all? Since a proper approach to statutory construction seeks to give meaning to all of the parts of a statute, and since the creditor's position in this case makes 362(d)(2) unnecessary, the Court should rule that the creditor is not entitled to relief from stay merely due to failure to make post-petition payments pursuant to the terms of a confirmed plan, especially where the creditor is oversecured such as here and in no apparent danger of loss if stay relief is denied.

Debtor does not claim that he does not have to make payments at all, but the current default should not lead to relief from stay under the circumstances.

Respectfully submitted,

 /s/ Sam Calvert
Sam V. Calvert, #1431X
attorney for debtor
1011 2nd ST N, STE 107
St. Cloud MN 56303
320-252-4473

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Randal Morgan,

    debtor                                                                             ch. 18-60797

ORDER

At Fergus Falls, Minnesota, this __ day of April, 2019:

This matter came before the Court upon a motion for relief from stay.

Upon the files and records herein,

IT IS ORDERED

That the motion for relief from stay is denied, without prejudice.

Dated:

_____
United States Bankruptcy Judge